

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**15 C R      744**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. **JUDGE LEE** |
| | ) | |
| v. | ) | Violations: Title 18, United |
| | ) | States Code, Section 152; and |
| | ) | Title 21, United State Code, |
| MICHAEL JENNINGS and | ) | Section 846 |
| JOHN OLIVIERI | | |

MAGISTRATE JUDGE KIM     ✓ **FILED**

## COUNT ONE

DEC 1 7 2015

The SPECIAL AUGUST 2015 GRAND JURY charges:

**THOMAS G. BRUTON**
**CLERK, U.S. DISTRICT COURT**

1.    At times material to this Indictment:

    a.    Results Weight Loss Center was a business located in Lombard, Illinois.

    b.    Defendant MICHAEL JENNINGS owned and managed Results Weight Loss Center.

    c.    Defendant JOHN OLIVIERI was a physician licensed to practice medicine in the State of Illinois.

    d.    Hydrocodone, a narcotic pain reliever, was a Schedule III Controlled Substance.

    e.    Phendimetrazine was a Schedule III Controlled Substance intended for use in the treatment of obesity.

    f.    Phentermine was Schedule IV Controlled Substance intended for use in the treatment of obesity.

2.     Beginning no later than in or about December 2008 and continuing until on or about February 2013, at Lombard, in the Northern District of Illinois, and elsewhere,

MICHAL JENNINGS and
JOHN OLIVIERI,

defendants herein, did conspire with each other, and with others known and unknown to the Grand Jury, to knowingly and intentionally distribute a controlled substance, namely, a quantity of a mixture and substance containing hydrocodone, a Schedule III Controlled Substance; a quantity of a mixture and substance containing phendimetrazine, a Schedule III Controlled Substance; and a quantity of a mixture and substance containing phentermine, a Schedule IV Controlled Substance, outside the scope of professional practice and without a legitimate medical purpose, in violation of Title 21, United States Code, Section 841(a)(1).

3.     It was part of the conspiracy that defendant OLIVIERI provided defendant JENNINGS his Drug Enforcement Administration Registration number to order controlled substances for distribution at Results Weight Loss Center and elsewhere.

4.     It was further part of the conspiracy that defendant JENNINGS ordered hundreds of thousands of dosage units of hydrocodone, phendimetrazine, and phentermine, among other drugs, from pharmaceutical suppliers for delivery to defendant OLIVIERI's medical office in Tinley Park, Illinois.

2

5.     It was further part of the conspiracy that defendant OLIVIERI delivered these controlled substances to defendant JENNINGS at various locations in exchange for payment in cash.

6.     It was further part of the conspiracy that defendant JENNINGS regularly saw patients at Results Weight Loss Center outside of defendant OLIVIERI's presence.

7.     It was further part of the conspiracy that defendant JENNINGS, who had no prior medical training or experience, dispensed hundreds of thousands of dosage units of controlled substances at Results Weight Loss Center, and elsewhere, outside of defendant OLIVIERI's presence and without conducting a meaningful physical examination or performing any medical tests.

8.     It was further part of the conspiracy that defendant JENNINGS shipped controlled substances from Results Weight Loss Center to individuals who requested controlled substances by telephone.

9.     It was further part of the conspiracy that defendant JENNINGS and defendant OLIVIERI misrepresented, concealed and hid, and caused to be misrepresented, concealed and hidden, the purposes and acts done in furtherance of the conspiracy.

All in violation of Title 21, United States Code, Section 846.

3

## COUNT TWO

The SPECIAL AUGUST 2015 GRAND JURY further charges:

1.      At times material to this Indictment

      a.      Defendant MICHAEL JENNINGS was a resident of Naperville, Illinois.

      b.      To begin a bankruptcy case, a bankruptcy petition had to be filed in the United States Bankruptcy Court.  Persons or businesses that filed a bankruptcy petition were referred to as "debtors" under federal bankruptcy law.

      c.      One type of bankruptcy case was a Chapter 7 bankruptcy. Chapter 7 of the Bankruptcy Code (Title 11 of the United States Code), provided that debtors could obtain a fresh financial start through the discharge of some types of debt. A debtor that received a discharge had no further legal obligation to pay any debt that was discharged.

      d.      A debtor that filed a Chapter 7 bankruptcy petition was required by law to fully disclose any and all interests he might have in any type of assets, including all real property and personal property, whether or not the assets were held in the debtor's name, held in the name of another person for the benefit of the debtor, or held as collateral.  The debtor was also required to disclose all liabilities and debts owed to creditors.  The assets and liabilities of the debtor comprised what was called the debtor's "bankruptcy estate."

e.    A debtor's assets, liabilities, and other information were required to be listed in various "schedules" and a "statement of financial affairs." The debtor was required to sign declarations of the accuracy of the schedules and statement of financial affairs under penalty of perjury. The schedules and statement of financial affairs were required to be filed with the Bankruptcy Court.

2.    On January 22, 2011, defendant JENNINGS caused a bankruptcy petition, schedules, and a statement of financial affairs to be filed with the Bankruptcy Court for the Eastern Division of the Northern District of Illinois in Chicago, Illinois. The case was titled *In re: Michael Jennings*, and was assigned case number 11 B 02481.

3.    On or about January 22, 2011, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

MICHAEL JENNINGS,

defendant herein, knowingly and fraudulently made a material false declaration, verification, and statement under penalty of perjury, as permitted under section 1746 of Title 28, in and in relation to a case under Title 11, specifically *In re: Michael Jennings*, case number 11 B 02481 in that defendant JENNINGS. fraudulently stated that the Schedules he filed in the bankruptcy case were true and correct to the best of his knowledge, information, and belief, when in fact, as the defendant then well knew, Schedule I was not true and correct due to

5

defendant's fraudulent omission that he had an ownership interest in Results Weight Loss Center in Lombard, Illinois, and Schedule I was not true and correct, as the defendant also well knew, because defendant was not then employed as a "pizza delivery man;"

In violation of Title 18, United States Code, Section 152(3).

6

## COUNT THREE

The SPECIAL AUGUST 2015 GRAND JURY further charges:

1.      Paragraphs 1 and 2 of Count Two of this Indictment are incorporated here.

2.      On or about January 22, 2011, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### MICHAEL JENNINGS,

defendant herein, knowingly and fraudulently made a material false declaration, verification, and statement under penalty of perjury, as permitted under section 1746 of Title 28, in and in relation to a case under Title 11, specifically *In re: Michael Jennings*, case number 11 B 02481 in that defendant Michael Jennings. fraudulently stated that the Statement of Financial Affairs he filed in the bankruptcy case was true and correct, when in truth and in fact, as the defendant then well knew, the answers to Questions 1 and 18 of the Statement of Financial Affairs were not true and correct due to defendant Michael Jennings's fraudulent omissions of the following:

Question 1:

a.      income he received from Results Weight Loss Center;

Question 18:

b.      an ownership interest in Results Weight Loss Center;

In violation of Title 18, United States Code, Section 152(3).

## FORFEITURE ALLEGATION

The SPECIAL AUGUST 2015 GRAND JURY further alleges:

1.      Upon conviction of an offense in violation of Title 21, United States Code, Section 846, as set forth in this Indictment, defendant MICHAEL JENNINGS shall forfeit to the United States of America any property which constitutes and is derived from proceeds obtained, directly and indirectly, as a result of the offense; and any property used, and intended to be used, in any manner and part, to commit and facilitate commission of the offense, as provided in Title 21, United States Code, Sections 853(a).

2.      The property to be forfeited includes, but is not limited to:

   a.      a personal money judgment in the amount of approximately $1,239,000 and,

   b.      the following specific property:

        i. a 2007 Chevrolet Corvette, VIN # 1G1YY36U275102896; and

        ii. a 2010 Cadillac Escalade, VIN # 1GYUKJEF2AR205213.

3.      If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty,

8

the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code, Section 853(p).

A TRUE BILL:

_____

FOREPERSON

_____

UNITED STATES ATTORNEY

9